### Frances Crawford, Impleaded with Ira Swisher, v. J. H. Crane.

1. EVIDENCE—*Denial of Signature—Ratification.*—A bank clerk with whom a note was left for collection showed it to a person whose name appeared upon it as a joint maker, and was informed that he never signed it, but that the note was all right. He did not think he ought to pay it but would try to get it out of the principal maker. *Held*, sufficient to sustain a judgment upon the note under a plea denying the signature.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Mercer County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

J. H. CONNELL and THOMASON & CUMMINS, attorneys for appellant.

WILSON & CHURCH, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action in assumpsit on a promissory note purporting to be given by Ira Swisher and appellant to appellee. Appellant denied the execution of the note under oath, and issue was joined, and the cause tried by the court with-

out a jury, and judgment rendered in favor of the appellee by the court for the balance due on the note, $116.55.

The only cause assigned for error is, that the finding of the court was against the weight of the evidence. The note was signed by Swisher, son-in-law of the appellant, and appellant's name was signed to it in the handwriting of her daughter, Minnie, wife of Swisher, since deceased.

The appellant testified that she neither signed nor authorized her daughter to sign the note. On the other hand, Swisher testified that she had promised him to sign it with him, as security, and that he sent his wife with the note to her for the purpose of getting her mother to sign it, and that she came back with it signed. He also testified that afterward she asked him if he had gotten the money. There was testimony also of a bank clerk, where the note had been left for collection, that he showed her the note, and she said she never signed it, but said the note was all right; he should try to get it out of Swisher; that she did not think she ought to pay it. This was the substance of the evidence in the case and, while it was conflicting and somewhat circumstantial on the part of the appellee, yet we think it was sufficient to sustain the judgment. The judgment of the Circuit Court is therefore affirmed.